UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS D. SMITH

      Petitioner,

v.                                        Case No. 8:05-cv-1355-T-26EAJ

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

      Travis D. Smith petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) and challenges the validity of his state convictions for battery on a law enforcement officer, burglary, resisting arrest without violence, and obstructing an officer without violence.[1]  Smith alleges multiple claims of trial court error and denial of effective assistance of both trial and appellate counsel.  Numerous exhibits ("Respondent's Exhibit __") support the response.

      Smith entered a nolo contendere plea to each of the charges in exchange for a sentence of 53.5 months.  The state judge granted Smith a one week furlough before sentencing with the condition that, if he failed to appear for sentencing, the negotiated plea was void and Smith would face a possible sentence of up to twenty years imprisonment.  Smith failed to appear for sentencing and was later arrested on another felony charge.  The state trial judge found no cause for Smith's failure to

_____

     [1] These charges arose in two separate state cases:  No. CRC98-22275 and No. CRC98-20191CFANO.

appear and sentenced him to five years imprisonment on the battery on a law enforcement officer conviction, a concurrent term of five years imprisonment on the burglary conviction, time served on both the resisting arrest and obstructing an officer convictions, and a five-year consecutive sentence on the cocaine possession conviction.[2]

Smith, acting pro se, appealed his convictions and sentences and filed an emergency motion to withdraw his plea. The state appellate court relinquished jurisdiction for the state trial court to hear the motion to withdraw plea and appointed counsel. Before the evidentiary hearing on the motion to withdraw plea, appointed counsel filed an amended motion to correct an illegal sentence under Rule 3.800, Florida Rules of Criminal Procedure. Following the evidentiary hearing, the state trial court denied both motions and Smith appealed. The state appellate court consolidated this appeal with his original appeal of his convictions and sentences and, in a per curiam decision without a written opinion, affirmed the denial of relief on both Smith's motion to withdraw plea and his amended motion to correct an illegal sentence. The state appellate court denied Smith's subsequent emergency motion to recall mandate.

Smith next filed a Section 2254 petition in this court in Case No. 8:03-cv-2338. This court dismissed the petition as premature because the petition asserted unexhausted claims and because available state court remedies remained. Smith appealed but ultimately moved to voluntarily dismiss the appeal.

_____

[2] Smith was released from confinement in 2007 upon expiration of his sentences.

He filed a state Rule 3.850 motion to vacate to exhaust his claims. The state post-conviction court denied relief and Smith appealed. The state appellate court affirmed the denial of relief in a per curiam decision without a written opinion and likewise rejected his subsequent motion for rehearing. The instant Section 2254 petition followed.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas

corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Smith's convictions and sentences were affirmed on direct appeal in a per curiam decision without a written opinion and the denial of his subsequent Rule 3.850 motion to vacate was likewise affirmed on appeal in another per curiam decision without a written opinion. The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Smith bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State

court shall be presumed to be correct.  The applicant shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence."  28

U.S.C. § 2254(e)(1).  This presumption of correctness applies only to a finding of fact,

not a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th

Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, a presumption of

correctness attaches to the finding of facts in the trial court's rejection of Smith's

post-conviction claims of ineffective assistance of counsel (Respondent's Exhibit 3).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Smith claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46

F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386

(11th Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an

ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well
> settled and well documented.  In Strickland v. Washington, 466 U.S.
> 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set
> forth a two-part test for analyzing ineffective assistance of counsel
> claims.  According to Strickland, first, the defendant must show that
> counsel's performance was deficient.  This requires showing that
> counsel made errors so serious that counsel was not functioning as the
> "counsel" guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious
> as to deprive the defendant of a fair trial, a trial whose result is reliable.
> Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Smith must demonstrate that counsel's error prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Smith must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Smith cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

**Ground One**

Smith alleges that his trial counsel rendered ineffective assistance by misadvising him about the consequences of failing to appear at sentencing upon expiration of his furlough. He claims that counsel erroneously advised him that because the judge had sentenced him at the conclusion of the plea colloquy, he

could not receive a sentence greater than the negotiated 53.5 months if he failed to

return from his furlough absent a new plea agreement or a trial.

The state court rejected this claim in Smith's Rule 3.850 motion:

(1) *Defendant was denied the effective assistance of counsel because counsel misadvised Defendant regarding the terms of the plea and furlough*

Defendant alleges that his attorney, Lane Lastinger, advised him that if he failed to timely return from furlough that the only consequence would be that the plea agreement would be vacated and Defendant would then have the option of renegotiating a plea or going to trial. Even if counsel had given such advice, the record reflects Defendant's actual understanding of the furlough agreement. See Bond v. State, 695 So. 778, 779 (Fla. 1st DCA 1997) ("Any misunderstanding the defendant may have had about the plea after speaking with his lawyer was corrected by the information the trial court provided during the plea hearing.") (citing State v. Leroux 689 So. 2d 235 (Fla. 1996)). See generally Beagle v. State, 710 So. 2d 724, 725 (Fla. 2d DCA 1998) (stating that a claim by the defendant that his plea was motivated by a misunderstanding could be conclusively refuted by the record.). Nevertheless, the record reflects that counsel specifically described the agreement to Defendant and Defendant acknowledged that he understood.

Moreover, an evidentiary hearing was previously held in which this issue was considered and this court then denied this exact claim. Therefore, in addition to being without merit, this ground is also successive. See Owen v. State, 854 So. 2d 182, 187 (Fla. 2003) ("A second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion."); Price v. State, 692 So. 2d 971 (Fla. 2d DCA 1997) ("[A] defendant is not entitled to successive review of a specific issue which has already been decided against him."). See also State v. McBride, 848 So. 2d 287, 291 (Fla. 2003). Defendant is hereby notified that continued non-meritorious filings may result in an order barring Defendant from future access to this court. See Spencer v. State, 751 So. 2d 47 (Fla. 1999); Rivera v. State, 728 So. 2d 1165 (Fla. 1998). Furthermore, defendant is notified that additional, repetitive, non-meritorious motions, writs, and appeals may lead to forfeiture of all or part of his accumulated gain time. See Tannehill v. State, 843 So. 2d 355, 356 (Fla. 3d DCA 2003) (citing

>Green v. State, 830 So. 2d 142 (Fla. 3d DCA 2002); § 944.279 and 944.28(2)(a) Fla. Stat. (2003). This ground is denied.

(Respondent's Exhibit III, Order Denying in part and Ordering Dismissing in part Defendant's Motion for Postconviction Relief, pp. 2-3) (court's record citations omitted). To obtain relief on ground one, Smith must establish that the state court unreasonably applied Strickland or unreasonably determined the facts in denying his Rule 3.850 motion.[3]

Smith appeared before the state trial court for a departure hearing at which his counsel sought to have Smith sent to a residential drug treatment program. The trial judge ultimately concluded that no legal basis existed for a departure sentence and offered Smith a minimum guidelines sentence of 53.5 months. (Respondent's Exhibit I, May 3, 1999, hearing transcript, p. 22). After discussing the court's offer with Smith, counsel advised the trial judge that Smith's mother and wife were ill. Counsel requested that the court grant Smith a one week furlough contingent upon Smith's entering a plea and returning to the court for sentencing the following week. Counsel further advised the court that Smith understood that his failure to return would result in withdrawal of the 53.5 month sentence offer and that he faced a possible sentence

---

[3] Respondent asserts that Smith may not have exhausted his state court remedies for grounds one, two, three, four, five and eight. However, to the extent that Smith specifically cited federal constitutional amendments, the United States Constitution, and some specific federal cases as bases for relief, Smith arguably exhausted the federal dimension of his claims in state court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' ").

of up to twenty years imprisonment.[4]  The state judge agreed to the furlough and advised Smith that if he failed to appear, the judge had the option of sentencing him to the maximum allowable sentence.  Smith affirmatively stated that he understood this condition and counsel reiterated on the record that a failure to appear would result in a possible twenty year sentence.[5]

---

[4]  Counsel advised the court:

Come on up, Travis.  Judge, Mr. Smith has a trial date set tomorrow as well as one set on the 11th.  He is looking at going to prison for 53.5 months.  His grandmother is extremely ill and certainly will not be around when he finished that time - - excuse me, his mother.  I'm sorry, Travis.  And his wife is having some significant problems and he wanted me to request on his behalf if the Court would grant him a week furlough if he enters a plea today and come[s] back in a week.

He understands that if he doesn't come back, he faces a maximum penalty of twenty years in prison and all deals will be off at that point.  That the 53.5 [months] that he's looking at now will most likely no longer be on the table.  He asked me to request that from the Court.

(Respondent's Exhibit I, May 3, 1999, hearing transcript, pp. 23-24).

[5]  Court:           I'll tell you what.  I'll release him until next Tuesday at 8:30 to give him an opportunity to get his affairs in order and see the folks he needs to see.

Also, I will let him know that if he doesn't appear then, I have the option of sentencing you to the maximum allowable.

Defendant:     I will be here.

. . .

Counsel:       I just want to make sure that you're aware, Travis, that you may be looking at twenty years plus if you don't be [sic] here.

Defendant:     I will be here.

Counsel:       I know.  I just want to make sure that you know that on the record, okay?

(continued...)

The state judge then inquired of Smith if he intended to enter a plea and Smith responded affirmatively. Counsel advised the court that Smith would tender a no contest plea with the understanding that an adjudication and a 53.5 month sentence were contingent upon Smith returning to court the following week. (Respondent's Exhibit I, May 3, 1999, hearing transcript, p. 26). The prosecutor requested that Smith enter his plea but that the judge withhold sentencing. After finding a factual basis for the charges and finding that Smith freely and voluntarily entered his plea, the state judge explained to Smith the terms of the plea and directed him to return the following week for imposition of sentence.[6]

_____

(...continued)
Defendant: Yes.

(Respondent's Exhibit I, May 3, 1999, hearing transcript, p. 25).

[6] The state judge advised Smith:

Court: The terms of your plea at this time [are] that in exchange for your plea that the Court will adjudicate you guilty, placing you 53.5 months [in the] Department of Corrections. Also that there will be $90 and I will lien that to the St. Pete PD in Case Number 98-22275 and $108 as a lien in Case Number 98-20191. The Court would also lien court costs of $405 and the PD's fee. Those are the conditions of your plea agreement here today.

The Court at this time would order you released on your own recognizance - - well, let me do this - - I'll do it on supervised ROR. In other words, they're going to give you some people to report to when you're out there - -

. . .

Court: You're to report back here for sentencing by 8:30 on May 11th Tuesday, right here in Courtroom 8. And at that time, I will impose that sentence.

(Respondent's Exhibit I, May 3, 1999, hearing transcript, pp. 28-29).

"[T]he representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Smith presents no evidence to rebut the plea colloquy. He fails to overcome by clear and convincing evidence the presumption of correctness afforded the state court's finding of fact that counsel specifically described the plea agreement to him and that he acknowledged his understanding of that agreement. See 28 U.S.C. § 2254(e)(1). Smith also fails to identify a decision of the United States Supreme Court holding that a state court judge must advise a defendant during the plea colloquy that his failure to appear for sentencing following a furlough fails to void the entire plea agreement but subjects him only to a different sentence than that negotiated in the plea agreement. See Mask v. McGinnis, 252 F.3d 85, 89-90 (2d Cir. 2001) ("petitioner is entitled to habeas relief only upon a showing that the state courts unreasonably applied clearly established *Supreme Court* precedent") (emphasis in original). Relying only upon his unsupported contention, Smith fails to meet his burden of proving that the state court's rejecting this claim resulted in an unreasonable application of Strickland or an unreasonable determination of the facts.

**Ground Two**

Smith alleges that his trial counsel rendered ineffective assistance by altering the change of plea form after Smith signed it. He claims that counsel added a handwritten stipulation to the agreement that Smith's failure to return to the court for

sentencing rendered his "D.O.C. time" subject to change.  Smith claims that counsel

added this provision outside his presence without his consent and that counsel never

advised him that he could receive a greater sentence without a new plea agreement

or a conviction at trial if he failed to appear for sentencing.

The state court rejected this claim in Smith's Rule 3.850 motion:

(3) *Defendant was denied the effective assistance of counsel because his counsel altered the plea form without Defendant's knowledge or consent*

As previously discussed, there is ample evidence that Defendant was fully aware of the terms of his plea and furlough.  In addition, an evidentiary hearing was held on January 5, 2001, in which this issue was considered, and this court then denied this exact claim.[7]

---

[7]  During the evidentiary hearing on Smith's motion to withdraw his plea/amended motion to vacate judgment and sentence, the state court addressed the issue of whether counsel added language to the change of plea form after Smith signed it.  The court treated the claim in the context of that motion and not as a separate substantive ineffective assistance of counsel claim.  Notwithstanding, the state court's written order entered after the evidentiary hearing helps clarify the state post-conviction court's order denying Smith's ineffective assistance claim:

Although the plea form currently bears the language "DOC time subject to change if the [defendant] does not return to court on 5/11 at 8:30 a.m., CTS," Defendant suggests that at the time he entered his plea, it did not. . . . [Defense counsel] testified that his memory is unclear, but that he may have written in the quoted language after Defendant signed the form. [Defense counsel], however, was careful to note that although his recollection of this specific instance is unclear, it is his customary practice to only write on the plea form while in the presence of his client and only after the client has consented.  [Defense counsel] testified that he likely wrote it in after the plea form was returned to him from the bench, which nevertheless was still during the plea hearing. [Defense counsel] also testified, unequivocally, that Defendant knew that he had to return from the furlough in order to receive the benefit of his bargain under the plea agreement.

Assuming Defendant's allegations as true, the Court's research has not led to any bright-line rule that suggests a plea can be withdrawn merely because the plea agreement does not state, on its face, the sentence that is possible if a defendant does not return from furlough -- that is, provided there is other extensive, irrefutable evidence that the maximum penalty was made clear to the defendant if he did not return, which clearly exists in this case.  In fact, aside from Judge Laughlin's oral admonitions regarding the sentence he could receive if he failed to appear, [defense counsel himself] - perhaps suspecting such a claim as this might one day arise - stated

(continued...)

> Therefore, in addition to being without merit, this ground is also
> successive.  See Owen, 854 So. 2d at 187.  This ground is denied.

(Respondent's Exhibit III, Order Denying in part and Ordering Dismissing in part

Defendant's Motion for Postconviction Relief, p. 3) (court's record citations omitted).

Smith again fails to overcome by clear and convincing evidence the

presumption of correctness afforded the state court's factual finding that he fully

understood the conditions of his plea and furlough.  See 28 U.S.C. § 2254(e)(1).

Even if counsel entered the handwritten provision after Smith signed the change of

plea form, the addition is of no consequence because the provision states that the

court could alter the sentence, a fact that Smith already knew as evidenced by the

plea colloquy and counsel's specific inquiry of Smith.  The record shows that Smith

understood the maximum sentence he faced if he failed to return from the furlough

and thus the handwritten provision neither added a new term to the plea agreement

nor materially altered the plea agreement.  Smith fails to establish a reasonable

probability that absent counsel's alleged error he would not have entered his nolo

contendere plea and instead insisted on proceeding to trial.  See Hill v. Lockhart, 474

U.S. 59 (1985).  Absent a showing of prejudice, a claim of ineffective assistance of

---

(...continued)
"I just want to make sure that you know that [you could receive up to 20 years] on the
record," to which Defendant admitted that he knew.  As such, Defendant's fourth
allegation [in his Rule 3.850 motion to vacate] that his plea form did not reflect the
sentence he could receive is without merit.  Moreover, a review of the sentencing
transcript from August 9, 1999 reveals that Defendant conceded that he knew he was
supposed to appear.  It further reveals that he originally had "every intent to appear."
Defendant then apologized to the Court for breaking his promise to appear.

(Respondent's Exhibit II, Order Denying Defendant's Motion Titled "Appeal From Judgment and
Sentence" which was treated as Motion To Withdraw Plea, and Order Denying Defendant's Amended
Motion to Vacate Judgment and Sentence or in the Alternative Correct an Illegal Sentence, pp. 11-12).

counsel cannot succeed because the requirements of <u>Strickland</u> remain unsatisfied. Ground two warrants no federal habeas relief.

**Ground Three**

Smith alleges that the state trial court violated the prohibition against double jeopardy by "illegally resentencing" him from two concurrent 53.5 month sentences to two consecutive five-year sentences, and for also sentencing him to an additional five years for failing to appear. He argues that all of these sentences resulted from the same conduct - his failure to appear for sentencing. He further argues that the state trial court improperly enhanced his sentences based on factors neither submitted to nor determined by a jury.[8]

The state court rejected this claim in Smith's Rule 3.850 motion:

> (6) *Defendant's right to double jeopardy was violated when this court enhanced Defendant's sentence*
>
> In this ground, Defendant again suggests that he was initially sentenced on May 3, 1999, to 53.5 months and that his sentence was then enhanced to ten (10) years on August 9, 1999. As has been discussed, the record demonstrates that Defendant is fully aware that he was not sentenced on May 3, 1999. This court graciously allowed Defendant a furlough and he promised to return for sentencing. He breached his promise with this court and did not appear as he had agreed. In fact, Defendant was only present for sentencing on August 9, 1999, because he had been arrested on a new felony charge on June 21, 1999. At the sentencing hearing, Defendant apologized to this court for failing to return for sentencing as he had promised. At best, the instant allegation that Defendant was sentenced on May 3, 1999, is a waste of this court's resources. At worst, as Defendant's motion is sworn

---

[8] To the extent that Smith attempts to assert a claim pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), by alleging that the state trial court improperly enhanced his sentences based on factors neither submitted to nor determined by a jury, he cannot obtain relief because he failed to present the claim to the state court, rendering the claim unexhausted.

"pursuant to penalties of perjury," such false allegations could be the basis for a perjury conviction. See State v. Shearer, 628 So. 2d 1102, 1103 (Fla. 1993).

Finally, this court has already found that Defendant was not sentenced on May 3, 1999, and that the provision against double jeopardy was not violated.[9] This ground is denied.

(Respondent's Exhibit III, Order Denying in part and Ordering Dismissing in part Defendant's Motion for Postconviction Relief, p. 4) (court's record citations omitted).

The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498 (1984). Smith entered his nolo contendere plea to multiple charges in two separate state cases. The state court sentenced Smith to five years imprisonment for the charges in Case Number 98-22275 and a consecutive term of five years imprisonment for the charges in Case Number 98-20191.[10] Smith's argument that the

---

[9] The state court also addressed this double jeopardy claim at the evidentiary hearing on his motion to withdraw his plea/amended motion to vacate judgment and sentence:

(3) Jeopardy attached at the change of plea hearing.

. . .

This issue merits little discussion, except to say that the change of plea hearing transcript makes it abundantly clear that sentencing would be reserved for May 11, 1999 (reset to May 14, 1999). Additionally, based on the Court's previous findings in this Order, it did not violate the provision against double jeopardy to sentence Defendant to five years consecutive to another five based on Defendant's failure to appear. This increased sentenced is authorized by case law. See e.g., Quarterman [v. State], 527 So. 2d [1380 (Fla. 1988)]. Along these same lines, Defendant's request that the Court restructure his sentences to run his sentences concurrent is also denied.

(Respondent's Exhibit II, Order Denying Defendant's Motion Titled "Appeal From Judgment and Sentence" which was treated as Motion To Withdraw Plea, and Order Denying Defendant's Amended Motion to Vacate Judgment and Sentence or in the Alternative Correct an Illegal Sentence, p. 17).

(continued...)

-16-

state judge's sentencing him to consecutive sentences based on his failure to appear violated double jeopardy principles warrants no relief.  Smith appears to maintain his contention that the state court imposed sentence at the conclusion of the plea colloquy, prohibiting that state judge from enhancing his sentence beyond 53.5 months because jeopardy had attached.  Contrary to Smith's contention, no jeopardy attached at the conclusion of the plea colloquy because imposition of sentence was deferred until Smith returned from his furlough.  See Ingraham v. State, 842 So. 2d 954 (Fla. 4th DCA 2003) (quoting Joslin v. State, 826 So. 2d 324, 326 (Fla. 2d DCA 2002) ("Jeopardy 'attaches when a court imposes a sentence, after which the double jeopardy clauses protect the defendant from receiving a punishment greater than the sentence already imposed.'").  Consequently, Smith fails to establish a double jeopardy violation.

To the extent that Smith contends that the state court could not impose a separate sentence for his failure to appear, the claim warrants no relief.  Smith's sentences for the underlying charges in the plea agreement are separate and distinct from his conviction and sentence for the failure to appear charge.[11]  The failure to appear was a separate substantive offense.  Smith cites no federal law that

---

(...continued)

[10] Case Number 98-20191 charged offenses based on November 10, 1998, conduct.  Case Number 98-22275 charged offenses based on December 16, 1998, conduct.  (Respondent's Exhibit 3, Order Denying In Part and Dismissing In Part Defendant's Motion for Postconviction Relief, attach. D).

[11] See online docket, Clerk of Circuit Court, Pinellas County, Florida, Case No. CRC99-13137CFANO.  In 2001, Smith received a five year sentence upon conviction for the failure to appear charge.

prevented the state court from sentencing him to a separate sentence upon conviction for this separate offense.

**Ground Four**

Smith alleges that his appointed counsel at the evidentiary hearing rendered ineffective assistance by abandoning the issues Smith raised in his <u>pro</u> <u>se</u> appeal of his judgments and sentences and his <u>pro</u> <u>se</u> emergency motion to withdraw plea. He claims that counsel instead advanced at the hearing counsel's own arguments and an amended Rule 3.800 motion to vacate judgment and sentence or in the alternative correct an illegal sentence, precluding Smith from arguing the claims he wanted to present.

Smith presents his claim as a denial of the effective assistance of appellate counsel, a claim raised and rejected in his Rule 3.850 motion:

> (4) *Defendant was denied the effective assistance of counsel because his counsel for the evidentiary hearing. . . failed to argue all of the issues raised by Defendant*
>
> Defendant does not describe the issues that he alleges his counsel failed to raise. Therefore, his allegations are conclusory. <u>See</u> <u>Griffin v. State</u>, 866 So. 2d 1, 10 (Fla. 2003) ("Griffin's conclusory allegations were facially insufficient to allow the trial court to examine the specific allegations against the record."). To the extent that Defendant raises a claim of ineffective assistance of appellate counsel, it is not cognizable. <u>Downs v. State</u>, 740 So. 2d 506, 518 n. 18 (Fla. 2000) ("Downs also argues appellate counsel rendered ineffective assistance by failing to challenge this issue on appeal. As noted in note 5, *supra*, such claims are not cognizable in 3.850 proceedings."). This ground is dismissed.

(Respondent's Exhibit III, Order Denying in part and Ordering Dismissing in part Defendant's Motion for Postconviction Relief, pp. 3-4).

After sentencing, Smith filed his <u>pro</u> <u>se</u> appeal of judgment and sentence and his <u>pro</u> <u>se</u> emergency motion to withdraw plea. The state court appointed counsel to represent Smith at the evidentiary hearing on these motions. Appointed counsel filed on Smith's behalf an amended motion to vacate judgment and sentence or in the alternative correct an illegal sentence, a post-conviction motion, pursuant to Rules 3.170(l) and 3.800(a), (b), Florida Rules of Criminal Procedure. To the extent that counsel represented Smith on his post-sentencing appeal of judgment and his emergency motion to withdraw plea, counsel served as appellate counsel. The state post-conviction court determined that Smith's allegation that counsel rendered ineffective assistance in his capacity as appellate counsel was not cognizable in a Rule 3.850 motion.

A state court's rejection of a petitioner's constitutional claim on a state procedural ground generally precludes federal habeas review of the claim. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Caniff v. Moore</u>, 269 F.3d1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). "However, a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001). A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying upon a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds

and is not intertwined with an interpretation of federal law, and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair manner." Judd v. Haley, 250 F.3d at 1313 (citing Card v. Dugger, 911 F.2d 1494 (11th Cir. 1990)). See also Ford v. Georgia, 498 U.S. 411, 424-25 (1991).

The state court expressly applied a state procedural rule and concluded that Smith could not raise this claim of ineffective assistance of appellate counsel in a Rule 3.850 motion because Florida procedural rules require presentation of this claim in a state petition for a writ of habeas corpus. Downs v. State, 740 So. 2d 506, 509 n. 5 (Fla. 1999). The state appellate court affirmed the application of the procedural bar (Respondent's Exhibit 13). See Harmon v. Barton, 894 F.2d 1268, 1274 (11th Cir. 1990) (state appellate court's per curiam affirmance of the lower court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review). Florida courts consistently apply the procedural rule barring the collateral review of a claim of ineffective assistance of appellate counsel in a Rule 3.850 motion. See e.g., Foster v. State, 810 So. 2d 910, 917 (Fla. 2002) (issue of appellate counsel's effectiveness is appropriately raised in a petition for writ of habeas corpus). Accordingly, Smith's claim of ineffective assistance of appellate counsel is procedurally defaulted.

This default forecloses federal habeas review absent a showing of either cause and prejudice or a fundamental miscarriage of justice. Harris v. Reed, 489 U.S. 255, 262 (1989); Smith v. Jones, 256 F.3d at 1138. Smith fails to demonstrate cause and prejudice excusing his default. He neither alleges nor shows that the

fundamental miscarriage of justice exception applies.  Because Smith fails to proffer specific facts showing an exception to the procedural default rule, Hill v. Jones, 81 F.3d 1015 (11th Cir. 1996), the ineffective assistance of appellate counsel claim is procedurally barred from federal review.

To the extent that counsel filed on Smith's behalf a Rule 3.800 motion to correct an illegal sentence and represented him on that motion at the evidentiary hearing, counsel served as post-conviction counsel.  Smith cannot prevail on an ineffective assistance claim challenging counsel's actions in this capacity because no constitutional right to an attorney exists in state post-conviction proceedings.  See Coleman v. Thompson, 501 U.S. 722, 755 (1991) (no right to counsel exists in state collateral proceedings); Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (the Supreme Court has never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions).  See also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  This claim of ineffective assistance warrants no relief because Smith fails to allege a violation of a federal constitutional right or federal law.

**Ground Five**

Smith alleges that the state court erred by allowing trial counsel to testify against him at the August 9, 1999, sentencing hearing despite Smith's previous dismissal of counsel.  He argues that the trial court, over his objection, allowed trial counsel to testify as an adverse witness against him and failed to permit Smith the

opportunity to confront counsel.  Smith further contends that the trial court failed to

offer or renew an offer of counsel at sentencing without conducting a <u>Faretta</u>[12]

hearing, in violation of his right to due process.

 The state court rejected this claim in Smith's Rule 3.850 motion:

(2) *Defendant was denied his right to due process when the court
allowed his counsel to testify over Defendant's objections without
allowing Defendant to question him.*

This court first notes that this claim is improperly raised in a [R]ule
3.850 motion.  <u>See</u> <u>Cook v. State</u>, 792 So. 2d 1197, 1200-01 (Fla.
2001) (Finding claims procedurally barred where they could have been
raised on direct appeal).  This court has reviewed the entirety of the
transcript of the sentencing hearing on August 9, 1999, and cannot find
one (1) instance where Defendant's counsel testified. [FN3].

[FN3] Counsel did address the court in his capacity as
Defendant's attorney.

Moreover, after being given ample opportunity to speak, Defendant did
not raise the claims he alleges in the instant motion.  At best, it appears
that Defendant suggested that, although he understood that he faced a
penalty if he failed to return from furlough, he did not know that he
would receive twenty (20) years in prison. [FN4].

[FN4] Defendant alleges that he was not aware that he
faced the maximum sentence if he failed to appear in
court for sentencing at the termination of his furlough.
The record reflects that Defendant was fully aware of the
furlough agreement.

The court explained that twenty (20) years was not necessarily the
penalty he would receive, but the maximum penalty allowed.
Defendant's claim is without merit.  This ground is dismissed.

(Respondent's Exhibit III, Order Denying in part and Ordering Dismissing in part

Defendant's Motion for Postconviction Relief, p. 3) (court's record citations omitted).

---

[12] <u>Faretta v. California</u>, 422 U.S. 806 (1975).

The state court expressly applied a state procedural rule and concluded that Smith should have raised this claim on direct appeal. Consequently, the claim was procedurally barred and not cognizable on collateral attack. <u>Torres-Arboleda v. Dugger</u>, 636 So. 2d 1321,1323 (Fla. 1994). The state appellate court affirmed the application of the procedural bar. <u>See</u> <u>Harmon v. Barton</u>, 894 F.2d at 1274. Florida courts consistently apply the procedural rule barring the collateral review of claims that a petitioner could and should have raised on direct appeal. <u>See</u> <u>e.g.</u>, <u>Bruno v. State</u>, 807 So.2d 55, 63 (Fla. 2001) (holding that claims of trial court error generally can be raised on direct appeal but not in a Rule 3.850 motion). Accordingly, ground five is procedurally defaulted.

Smith fails to demonstrate cause and prejudice excusing his default. He neither alleges nor shows that the fundamental miscarriage of justice exception applies. Smith's failure to proffer specific facts showing an exception to the procedural default rule renders ground five procedurally barred from federal review.

**Ground Six**

Smith alleges that the state trial court violated the plea agreement by sentencing him to two consecutive five-year sentences. He argues that the trial court's denial of his motion to withdraw plea deprived him of his right to due process. The state court rejected this claim in Smith's Rule 3.850 motion:

> (5) *Defendant was denied due process when the court improperly denied Defendant's motion to withdraw plea.*
>
> Defendant is essentially asking this court to review its own ruling entered on January 11, 2001 [denying relief after the evidentiary hearing]. Trial courts do not have jurisdiction to review their own

decisions.  See Bain v. State, 730 So. 2d 296, 298 (Fla. 2d DCA 1999) ("The Florida Constitution grants our citizens the right to appeal, and confers upon the appellate courts jurisdiction to review, all final orders of trial courts.").  Defendant did appeal this decision and the Second District Court of Appeal affirmed it in case 2D01-336.  Defendant did raise or should have raised this claim on appeal.  This ground is dismissed.

(Respondent's Exhibit III, Order Denying in part and Ordering Dismissing in part Defendant's Motion for Postconviction Relief, p. 4) (court's record citations omitted).

The state court's application of a state procedural rule that Smith should have raised this claim on direct appeal rendered the claim procedurally barred and not cognizable on collateral attack.  Torres-Arboleda v. Dugger, 636 So. 2d at 1323. Accordingly, ground six is procedurally defaulted.  Smith's failure to demonstrate either cause and prejudice excusing his default or that the fundamental miscarriage of justice exception applies renders ground six procedurally barred from federal review.[13]

---

[13]  To the extent that Smith raised this claim on appeal of the state court's denial of relief after the evidentiary hearing, the claim warrants no relief because a motion to withdraw plea presents an issue of state law for resolution by a state court.  See Fla. R. Crim. P. 3.170; Fla. R. App. P. 9.140(b)(2).  In his appellate brief, Smith argued this claim on state law grounds only and did not allege a federal due process violation.  (Respondent's Exhibit 2, Appellant's Initial Brief in Case Nos. 2D99-3377 and 2D01-336, pp. 18-19).  Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).  Smith's claims presents no basis for federal habeas corpus relief because the claim presents no federal constitutional question.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  The limitation on federal habeas review to claims of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation.  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976).  Consequently, Smith's claim warrants no relief.

**Grounds Seven and Nine**

In grounds seven and nine, Smith reiterates his arguments that the state court's denial of his motion to withdraw plea resulted in a denial of due process and that his counsel erroneously altered the plea agreement and misadvised him about the consequences of his failure to return from furlough. For the same reasons discussed earlier in grounds one, two, and six, grounds seven and nine[14] warrant no federal habeas relief.

**Ground Eight**

Smith alleges that the state court denied his right to due process and violated the prohibition against double jeopardy when the court "resentenced" him on August 9, 1999. He claims that state law affords a defendant an opportunity to withdraw his plea if the court cannot honor a plea agreement. He further argues that if a defendant fails to comply with the plea agreement or breaches its terms, either the state or the court must move to vacate the plea and sentence within sixty days of the breach. In his case, neither the state nor the court filed a motion to vacate Smith's plea, resulting in the state court's divestiture of jurisdiction to impose sentence pursuant to Smith's plea agreement.

---

[14] Smith argues in ground nine that the state trial court should have allowed him to withdraw his plea because counsel misadvised him about the consequences of his plea while he was under duress and the influence of psychotropic medications. The state court denied this claim on procedural grounds after the evidentiary hearing. Smith again raised the claim in his Rule 3.850 motion and the state court denied the claim as successive. The state district court of appeal affirmed both denials of relief. Consequently, to the extent that Smith may attempt to present this claim as an independent substantive basis for relief, the claim is procedurally defaulted. Smith's failure to proffer specific facts showing an exception to the procedural default rule renders this claim procedurally barred from federal review.

Smith's ground eight reiterates the due process and double jeopardy claims presented in grounds four, six, seven, and nine.  As already discussed, his allegations warrant no federal habeas relief.  To the extent that Smith challenges the state court's failure to comply with the state rule requiring the court or the state to file a motion to vacate within a prescribed period, his argument warrants no relief because the claim challenges application of a state procedural rule.  <u>See</u> 28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. at 67.  Smith's failure to present a federal claim precludes relief.

Accordingly, Smith's petition for the writ of habeas corpus (Doc. 6) is **DENIED**. The clerk shall enter a judgment against Smith and close this action.

ORDERED in Tampa, Florida, on May 27, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE